UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA WEST,

        Plaintiff,                        Case No. 14-10121

v.                                                   Hon. Matthew F. Leitman

CITY OF GARDEN CITY, a
Michigan Chartered Municipality;
KEVIN NOWAK, individually and as a
Garden City Police Officer; THOMAS
WALLACE, individually and as a Garden
City Police Officer; RICHARD (RICK)
SUNDSTROM, individually and as a
civilian employee of the Garden City
Police Department; MARK D'ONOFRIO,
individually and as a Garden City Police Officer;
FRED SAYGER, individually, and as a
Garden City Police Officer; DAVID HARVEY,
Individually, and as a Garden City Police Officer;
MICHAEL BERTHA, individually, and as a
Garden City Police Officer;

        Defendants.

_____

LYLE E. DICKSON (P55424)        KELLER THOMA, P.C.
Attorney for Plaintiff                  By:    THOMAS L. FLEURY (P24064)
417 S. Layfayette, #112                GOURI G. SASHITAL (P64628)
South Lyon, MI 48178                 Attorneys for Defendant Wallace
(517) 294-3425                           440 East Congress, Fifth Floor
ouiley@aol.com                         Detroit, Michigan 48226
                                         (313) 965-7610/FAX (313) 965-4480
O'CONNER, DEGRAZIA, TAMM &      tlf@kellerthoma.com
O'CONNOR, P.C.                    gsr@kellerthoma.com
BY:  JAMES E. TAMM (P38154)
Attorney for Defendant Sundstrom
40701 Woodward Ave., Ste. 105
Bloomfield Hills, MI 48034
(248) 433-2000/FAX (248) 433-2001
jetamm@odtlegal.com

| | |
|---|---|
| JOHNSON, ROSATI, SCHULTZ,<br>& JOPPICH, P.C.<br>By:  CHRISTOPHER J. JOHNSON (P32937)<br>MICHAEL E. ROSATI (P34236)<br>HOLLY S. BATTERSBY (P72023)<br>Attorneys for Defendants City, Sayger<br>Harvey and Bertha<br>27555 Executive Drive, Suite 250<br>Farmington Hills, MI 48331-3550<br>(248) 489-4100 / Fax: (248) 489-1726<br>cjohnson@jrsjlaw.com<br>mrosati@jrsjlaw.com<br>hbattersby@jrsjlaw.com | LEGAL SERVICES, P.C.<br>By:  THOMAS A. MATTHEWS (P28414)<br>Attorney for Defendant D'Onofrio<br>2000 Grand River Annex, Ste. 200<br>Brighton, MI 48114<br>(810) 227-7878<br>tommatthews@livingstonlawoffices.com<br><br>IHRIE O'BRIEN<br>By:  ROBERT D. IHRIE (P26451)<br>RICHARD S. ALBRIGHT (P57060)<br>Attorneys for Defendant Nowak<br>240 Jefferson Avenue, Ste. 2000<br>St. Clair Shores, MI 48080<br>(586) 778-7778 /Fax: (586) 778-5990<br>ihrieobrien@hotmail.com<br>albrightlaw@outlook.com |

## DEFENDANTS' JOINT MOTION TO BIFURCATE DISCOVERY AND TO ALLOW DEFENDANTS TO FILE MORE THAN ONE DISPOSITIVE MOTION

Defendants, jointly, by and through their individual attorneys, and for their Motion to Bifurcate Discovery and to File More than One Motion for Summary Judgment, rely upon the attached Brief in Support, Federal Rule of Civil Procedure 26(b)(2)(C) and Local Rule 7.1(b)(2).

S/ HOLLY S. BATTERSBY
Attorney for Defendants City, Sayger,
Harvey and Bertha
27555 Executive Drive, Suite 250
Farmington Hills, Michigan 48331-3550
(248) 489-4100
hbattersby@jrsjlaw.com
(P72023)

1

        S/ JAMES E. TAMM (P38154)  w/consent
Attorney for Defendant Sundstrom
40701 Woodward Ave., Ste. 105
Bloomfield Hills, MI 48034
(248) 433-2000/FAX (248) 433-2001
jetamm@odtlegal.com

        S/ GOURI G. SASHITAL (P64628)  w/ consent
Attorneys for Defendant Wallace
440 East Congress, Fifth Floor
Detroit, Michigan 48226
(313) 965-7610/FAX (313) 965-4480
gsr@kellerthoma.com

        S/ THOMAS A. MATTHEWS (P28414)  w/consent
Attorney for Defendant D'Onofrio
2000 Grand River Annex, Ste. 200
Brighton, MI 48114
(810) 227-7878
tommatthews@livingstonlawoffices.com

        S/ RICHARD S. ALBRIGHT  (P57060)  w/consent
Attorney for Defendant Nowak
240 Jefferson Avenue, Ste. 2000
St. Clair Shores, MI 48080
(586) 778-7778 /Fax: (586) 778-5990
albrightlaw@outlook.com

Dated:  December 23, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA WEST,

        Plaintiff,                        Case No. 14-10121

v.                                           Hon. Matthew F. Leitman

CITY OF GARDEN CITY, a
Michigan Chartered Municipality;
KEVIN NOWAK, individually and as a
Garden City Police Officer; THOMAS
WALLACE, individually and as a Garden
City Police Officer; RICHARD (RICK)
SUNDSTROM, individually and as a
civilian employee of the Garden City
Police Department; MARK D'ONOFRIO,
individually and as a Garden City Police Officer;
FRED SAYGER, individually, and as a
Garden City Police Officer; DAVID HARVEY,
Individually, and as a Garden City Police Officer;
MICHAEL BERTHA, individually, and as a
Garden City Police Officer;

        Defendants.

---

| | |
|---|---|
| LYLE E. DICKSON (P55424)<br>Attorney for Plaintiff<br>417 S. Layfayette, #112<br>South Lyon, MI  48178<br>(517) 294-3425<br>ouiley@aol.com<br><br>O'CONNER, DEGRAZIA, TAMM &<br>O'CONNOR, P.C.<br>BY:  JAMES E. TAMM (P38154)<br>Attorney for Defendant Sundstrom<br>40701 Woodward Ave., Ste. 105<br>Bloomfield Hills, MI 48034<br>(248) 433-2000/FAX (248) 433-2001<br>jetamm@odtlegal.com | KELLER THOMA, P.C.<br>By:    THOMAS L. FLEURY (P24064)<br>GOURI G. SASHITAL (P64628)<br>Attorneys for Defendant Wallace<br>440 East Congress, Fifth Floor<br>Detroit, Michigan 48226<br>(313) 965-7610/FAX (313) 965-4480<br>tlf@kellerthoma.com<br>gsr@kellerthoma.com |

JOHNSON, ROSATI, SCHULTZ,
& JOPPICH, P.C.
By: CHRISTOPHER J. JOHNSON (P32937)
MICHAEL E. ROSATI (P34236)
HOLLY S. BATTERSBY (P72023)
Attorneys for Defendants City, Sayger
Harvey and Bertha
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331-3550
(248) 489-4100 / Fax: (248) 489-1726
cjohnson@jrsjlaw.com
mrosati@jrsjlaw.com
hbattersby@jrsjlaw.com

LEGAL SERVICES, P.C.
By: THOMAS A. MATTHEWS (P28414)
Attorney for Defendant D'Onofrio
2000 Grand River Annex, Ste. 200
Brighton, MI 48114
(810) 227-7878
tommatthews@livingstonlawoffices.com

IHRIE O'BRIEN
By: ROBERT D. IHRIE (P26451)
RICHARD S. ALBRIGHT (P57060)
240 Jefferson Avenue, Ste. 2000
St. Clair Shores, MI 48080
(586) 778-7778 /Fax: (586) 778-5990
ihrieobrien@hotmail.com
albrightlaw@outlook.com

## **DEFENDANTS' BRIEF IN SUPPORT OF JOINT MOTION TO BIFURCATE DISCOVERY AND TO ALLOW DEFENDANTS TO FILE MORE THAN ONE DISPOSITIVE MOTION**

# INDEX OF AUTHORITIES

**Cases**

*Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)...................2

*Harris v. U.S.*, 422 F.3d 322, 331 (6th Cir. 2005).......................................................3

*In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996) .......................................6

*Murphy v. Lockhart, 2011 WL 4577162 at \*17 (*E.D.Mich., Sept. 30, 2011)...........6

*S.S. v. E. Ky. Univ.,* 532 F.3d 445, 451 (6th Cir. 2008)...............................................2

*Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) ...............2

*Wilson v. Garcia*, 471 U.S. 261, 266-267(1985) ........................................................3

*Yung v. Raymark Industries, Inc.,* 789 F.2d 397, 401 (6th Cir. 1986).......................2

**Statutes**

42 U.S.C. §1983.............................................................................................................3

MCL 600.5805(10) ........................................................................................................3

MCL 600.5805(2) ..........................................................................................................3

**Rules**

Federal Rule of Civil Procedure 26(b)(2)(C)...............................................................2

Local Rule 7.1(b)(2)......................................................................................................5

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)

*In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996)

*Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996)

*Yung v. Raymark Industries, Inc.,* 789 F.2d 397, 401 (6th Cir. 1986)

## ISSUES PRESENTED

**I.   WHETHER DEFENDANTS' MOTION TO BIFURCATE DISCOVERY SHOULD BE GRANTED BECAUSE IT WOULD MINIMIZE LITIGATION EXPENSES AND JUDICIAL RESOURCES?**

    Defendants say, "Yes."
    Plaintiff says, "No."

**II.   WHETHER DEFENDANTS' MOTION FOR LEAVE TO FILE TWO DISPOSITIVE MOTIONS SHOULD BE GRANTED?**

    Defendants say, "Yes."
    Plaintiff says, "No."

## **STATEMENT OF RELEVANT FACTS**

On January 13, 2014, Plaintiff Rebecca West filed a Complaint in this Court alleging violations of her rights under federal and state law against seven individually-named Defendants and one municipal Defendant. (Doc. #1). Plaintiff brings three claims against Defendants: I) Assault and Battery; II) Negligence, Fail to Train, Fail to Properly Hire; III) Violation of 42 U.S.C. §1983. Every single allegation of wrongdoing which forms the basis for the Complaint relates back to the years 1989 to 1992, when West participated in the Garden City Police Explorer Program. *Id.* at ¶7-8. Thus, the factual predicate for every cause of action arose between 22 and 25 years prior to Plaintiff's filing of this lawsuit, far exceeding the applicable statutes of limitations.

During a recent telephonic Scheduling Conference in this matter, defense counsel addressed the issue of bifurcating discovery. Defendants proposed that given the age of the allegations giving rise to Plaintiff's Complaint, discovery initially be limited solely to those areas which directly relate to the applicability of the statute of limitations to the three claims Plaintiff asserts. Following this limited discovery, Defendants would file a Motion for Summary Judgment asserting that Plaintiff's claims are time-barred as a matter of law. Defendants propose that if that Motion is denied, discovery would then proceed on all other issues, including the depositions of the seven individually-named Defendants and other municipal

1

representatives. The Court has allowed Defendants to file this Joint Motion to Bifurcate Discovery and Obtain Leave to File More than One Dispositive Motion to more fully brief this request.

## LEGAL ARGUMENT

### I. DEFENDANTS' MOTION TO BIFURCATE DISCOVERY SHOULD BE GRANTED BECAUSE IT WOULD MINIMIZE LITIGATION EXPENSES AND JUDICIAL RESOURCES.

"The scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981); *see also S.S. v. E. Ky. Univ.,* 532 F.3d 445, 451 (6th Cir. 2008). Federal Rule of Civil Procedure 26(b)(2)(C) requires that the Court:

> must limit the extent of discovery allowed by these rules or by local rule if it determines that ... (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

The Sixth Circuit has recognized that beyond bifurcation of discovery, even "separate trials on a statute of limitations issue are particularly appropriate" when a decision on that issue would minimize court time and litigation expenses. *Yung v. Raymark Industries, Inc.,* 789 F.2d 397, 401 (6th Cir. 1986); *See also Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir. 1996)(it is well-settled that the decision to bifurcate a trial is within a district court's sound discretion).

Bifurcation of discovery in this case is essential to promote efficiency

2

and conserve both judicial resources and the parties' resources because the facts underlying the threshold issue of whether the statutes of limitations bar Plaintiff's suit are separate and distinct from those facts necessary to prove Plaintiff's substantive claims. As made clear by the allegations contained in Plaintiff's pleadings, all causes of action complained of arose between 22 and 25 years before the filing of this litigation. (Doc. #1). The statute of limitations on any assault and battery claim under Michigan law is two years. MCL 600.5805(2). The statute of limitations pertaining to any negligence claim under Michigan law is three years. MCL 600.5805(10). The statute of limitations on Plaintiff's 42 U.S.C. §1983 claim is three years. MCL 600.5805(10); *Harris v. U.S.*, 422 F.3d 322, 331 (6th Cir. 2005)(citing *Wilson v. Garcia*, 471 U.S. 261, 266-267(1985)(state statute of limitations for personal injury governs claims brought pursuant to the federal constitution and 42 U.S.C. §1983).

The statutes of limitations applicable to Plaintiff's three claims appear to be a clear bar to Plaintiff's Complaint, as a matter of law. It will be a monumental waste of municipal resources, and judicial resources, for the seven individually-named Defendants and the City of Garden City to have to participate in depositions, written discovery, discovery motions, etc., regarding the merits of Plaintiff's underlying claims when these claims appear, based on

Plaintiff's Complaint, to be time-barred. In addition to the seven named Defendants, there will undoubtedly be numerous other witnesses who must be deposed to develop the claims and defenses in this litigation. Given the age of this case, many of these individuals will likely be difficult, if not impossible, to find and the parties will spend considerable time and money locating witnesses. The litigants will spend days taking depositions, thousands of dollars in court reporter and transcript fees, and numerous hours drafting and responding to the written discovery requests that will undoubtedly be exchanged amongst the eight parties to this lawsuit. There will likely be discovery disputes along the way, which will require the filing of Motions and appearances of six different attorneys if Court intervention is necessary. The end result, after the filing of dispositive motions, where the causes of action indisputably occurred between 22 and 25 years ago, is very likely a dismissal as a matter of law based on the statute of limitations, a defense which requires a minimal amount of discovery to establish. The waste of municipal and judicial resources, in addition to the delay in adjudication in this matter that full-blown discovery will cause, is tremendous.

By initially limiting discovery to the issue of the statute of limitations, and subsequently permitting Defendants to file Motions for Summary Judgment regarding that defense, the Court will spare the litigants the time and expense of

4

conducting significant and unnecessary discovery into the factual bases for Plaintiff's three claims against the eight different Defendants. A limiting order will allow for a more expedient and cost-effective resolution of this case because the limited discovery will allow the parties to investigate the viability of the statute of limitations defense without delving into areas which are wholly irrelevant if that defense can be established.

Defendants anticipate that the following discovery will be necessary to adequately explore the statute of limitations as it applies here: 1) Plaintiff's deposition, limited solely to the issue of how the statutes of limitations pertain to her claims; and 2) any and all of Plaintiff's medical/psychological, employment, academic/scholastic records that bear on the applicability of the statute of limitations to the claims she raises in this suit. With this limited discovery, Defendants will be prepared to file, and Plaintiff will be prepared to respond to, a Motion for Summary Judgment explaining why, as a matter of law, Plaintiff's claims are time-barred.

## II. **DEFENDANTS' MOTION FOR LEAVE TO FILE TWO DISPOSITIVE MOTIONS SHOULD BE GRANTED.**

Additionally, pursuant to Local Rule 7.1(b)(2), "[a] party must obtain leave of court to file more than one motion for summary judgment." *See also Murphy v. Lockhart,* 2011 WL 4577162 at *17 *(*E.D.Mich., Sept. 30, 2011)(the failure to obtain leave of court is fatal to the defendant's second motion for

5

summary judgment)(Ex. A). "Matters of docket control and discovery are within the sound discretion of the district court. The court of appeals will not interfere with the trial court's control of its docket except upon the clear showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996).

Given the clear case law providing that Plaintiff does not have a cause of action against any of the named Defendants in this suit given the applicable statutes of limitations, as discussed more thoroughly above, counsel for Defendants seek to file their respective Motions for Summary Judgment with respect to the statute of limitations defense at the conclusion of discovery on just that issue, should the Court permit a bifurcation of discovery. This is appropriate because there is no possibility, even with additional discovery, that Plaintiff could possibly establish a valid claim against them as any and all causes of action are time barred. If this Court denies Defendants Motions, Defendants request permission to file an additional Motion for Summary Judgment, after the close of discovery.

## **RELIEF**

WHEREFORE Defendants respectfully request that the Court enter an Order providing for the following:

1) That discovery in this matter be bifurcated with initial discovery being limited solely to the issue of the statute of limitations, specifically by way of:

    a) Plaintiff Rebecca West's deposition, limited solely to the issue of how the statutes of limitations pertain to the claims she raises in this suit; and

    b) discovery of any and all of Plaintiff's medical/psychological, employment, academic/scholastic records that bear on the applicability of the statutes of limitations to the claims she raises in this suit.

2) That Defendants be permitted to file two Motions for Summary Judgment, if necessary. One Motion shall be solely limited to the issue of the applicability of the statues of limitations to Plaintiff's claims and, if necessary, a second Motion may be filed at the conclusion of the discovery period identified by the Court's Scheduling Order; and

3) A Scheduling Order that sets dates and deadlines regarding the above.

                Respectfully Submitted,

                s/ HOLLY S. BATTERSBY
                Attorney for Defendants City, Sayger, Harvey and Bertha
                27555 Executive Drive, Suite 250
                Farmington Hills, Michigan 48331-3550
                (248) 489-4100
                hbattersby@jrsjlaw.com
                (P72023)

s/ JAMES E. TAMM (P38154)  w/consent
Attorney for Defendant Sundstrom
40701 Woodward Ave., Ste. 105
Bloomfield Hills, MI 48034
(248) 433-2000/FAX (248) 433-2001
jetamm@odtlegal.com

s/ GOURI G. SASHITAL (P64628) w/ consent
Attorneys for Defendant Wallace
440 East Congress, Fifth Floor
Detroit, Michigan 48226
(313) 965-7610/FAX (313) 965-4480
gsr@kellerthoma.com

s/ THOMAS A. MATTHEWS (P28414) w/consent
Attorney for Defendant D'Onofrio
2000 Grand River Annex, Ste. 200
Brighton, MI 48114
(810) 227-7878
tommatthews@livingstonlawoffices.com

s/ RICHARD S. ALBRIGHT  (P57060) w/consent
Attorney for Defendant Nowak
240 Jefferson Avenue, Ste. 2000
St. Clair Shores, MI 48080
(586) 778-7778 /Fax: (586) 778-5990
albrightlaw@outlook.com

Dated:  December 23, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: **Lyle E. Dickson, Thomas L. Fleury, Gouri G. Sashital, Richard S. Albright, James E. Tamm and Thomas A.**

8

**Matthews**, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: [none].

                                             s/ Paula M. Rosenthal

9